UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KIMAR FRASER,

            Plaintiff,

  -against-

HALLMARK, *et al.*,

           Defendants.

**INITIAL REVIEW ORDER**

24-CV-63 (VDO)

---

**VERNON D. OLIVER**, United States District Judge:

    Plaintiff Kimar Fraser, a sentenced inmate incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint brings claims against three defendants: Correctional Officers Hallmark, Wade, and Lopez, who are alleged to have worked at Northern Correctional Institution, a correctional facility that has since been closed. Plaintiff asserts his claims against Defendants in their individual capacities only.

    The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

**I.      FACTUAL BACKGROUND**

On January 22, 2021, while he was confined at Northern Correctional Institution, Plaintiff was struck by a hydraulic sally-port door. At the time, Plaintiff was in full restraints, consisting of leg shackles and handcuffs connected with a tether chain, while being escorted by Officer Hallmark to 1-west unit. Plaintiff immediately requested medical attention, but Officers Hallmark and Lopez denied the request.

Plaintiff signed up for sick call and was examined for injuries. Plaintiff was prescribed pain medication and alleges that he continues to be treated for his injuries to the present.

Defendants failed to file an incident report until after Plaintiff filed a grievance.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a government entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether

2

they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir .2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (per curiam) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).  However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original).  A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.    **DISCUSSION**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need by failing to contact the medical unit after the incident in violation of his Fourth, Eighth, and

Fourteenth Amendment rights. He also alleges that the defendants were grossly negligent in permitting the door to strike him and in failing to report the incident until Plaintiff alerted their supervisors.

### A.     Fourth and Fourteenth Amendment Claims

Plaintiff states that he brings his claims under the Fourth, Eighth, and Fourteenth Amendments. He also alleges, however, that he is a sentenced inmate.

The Second Circuit has held that the Fourth Amendment applies to claims occurring prior to arraignment when the plaintiff remains in police custody. *See Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989). The Fourteenth Amendment affords protection to inmates between arraignment and sentencing. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). As Plaintiff alleges that he is a sentenced inmate, the Fourth and Fourteenth Amendments afford him no relief on his deliberate indifference claims. All Fourth and Fourteenth Amendment claims are therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment, however, specifically concerns "the unnecessary and wanton infliction of pain in penal institutions" and, therefore, is "the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

### B.     Deliberate Indifference to Medical Needs

To state a plausible Eighth Amendment claim, Plaintiff must allege facts "showing the offending official's 'deliberate indifference to [his] serious medical needs.'" *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). There are two elements to a claim for deliberate indifference to medical needs. The first element is objective. The inmate must "show that he was 'actually deprived of adequate medical care' by an official's failure 'to take reasonable measures in response to a [sufficiently serious]

4

medical condition.'" *Id.* (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (internal quotation marks omitted)). Establishing an objectively serious deprivation requires the court to make two separate inquiries. First, the court must determine whether the inmate "was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. The medical providers are only required to have "act[ed] reasonably." *Id.* The second inquiry requires the court to determine "whether the inadequacy in medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id*. at 280. Thus, although the objective element sometimes is referred to as the seriousness of the medical need, that is only one factor evaluated in determining the seriousness of the deprivation of medical care. *See id.*

If the claim is for denial of any treatment, the court will consider "whether the inmate's medical condition is sufficiently serious." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

5

If, however, the claim is for a delay in treatment, the court focuses on the challenged delay rather than merely on the underlying medical condition to determine whether the alleged deprivation is sufficiently serious. The court considers "the seriousness of the particular risk of harm that resulted from 'the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Bellotto v. County of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003)). "A delay in treatment does not violate the constitution unless it involved an act or failure to act that evinces "a conscious disregard of a substantial risk of serious harm." *Rodriguez v. Doe*, No. 3:22-CV-763(MPS), 2023 WL 184253, at *3 (D. Conn. Jan. 13, 2023) (citations and internal quotation marks omitted).

The second element is subjective. The inmate must show "that the official acted with a culpable state of mind of 'subjective recklessness,' such that the official knew of and consciously disregarded 'an excessive risk to inmate health or safety.'" *Wolf,* 832 F. App'x at 92 (citations omitted). Allegations constituting negligence or medical malpractice are insufficient to support an Eighth Amendment deliberate indifference claim. *Id.* (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("mere negligence' is insufficient to state a claim for deliberate indifference). Thus, for a claim based on delay of treatment, the inmate must show that the defendant "delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for several days, or delayed major surgery." *Myrie v. Calvo*, 615 F. Supp. 2d 246, 248 (S.D.N.Y. 2009) (citation omitted); *see also Stewart v. City of New York*, No. 15-CV-4335, 2018 WL 1633819, at *8-9 (S.D.N.Y. Mar. 31, 2018) (dismissing deliberate indifference claim where plaintiff did not allege that the defendant "acted intentionally to delay the provision of medical treatment in a way that

6

subjected [the plaintiff] to an excessive risk of harm"); *Bell v. Jendell*, 980 F. Supp. 2d 555, 562 (S.D.N.Y. 2013) (allegation of delay in provision of medical treatment without allegation that delay was intentional or reckless is insufficient to support Eighth Amendment deliberate indifference claim) (collecting cases).

Plaintiff alleges that he requested immediate medical attention when he was struck by the door, but defendants Hallmark and Lopez refused. He further alleges, however, that he signed up for sick call and was treated for his injuries. Thus, his claim against defendants Hallmark and Lopez is for a delay in treatment.

Defendants are non-medical staff. The Second Circuit considers a delay in providing medical treatment by non-medical staff to be deliberate indifference where "for example, officials deliberately delayed care as a form of punishment, ... ignored a life-threatening and fast-degenerating condition[,]" or where the delay in medical treatment was so lengthy as to be considered "egregious." *Medina v. Sheehan*, No. 9:16-CV-1284(TJM/DEP), 2018 WL 7460016, at *7 (N.D.N.Y. Dec. 21, 2018) (quoting *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233, at *2 (2d Cir. 1999) (table) (internal quotation marks omitted), *report and recommendation adopted sub nom. Medina v. Sgt. Sheehan*, 2019 WL 955004 (N.D.N.Y. Feb. 27, 2019); *see also Durmel v. Westchester Cnty.*, No. 19-CV-2161(KMK), 2021 WL 738365, at *10-11 (S.D.N.Y. Feb. 25, 2021) (deliberate-indifference claim against nonmedical personnel requires that inmate prove that nonmedical prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and had made his medical problems known to them) (citation omitted) (citing cases).

Plaintiff alleges only that he was hit by the sally-port door. He does not state where he was hit or describe the extent of his injuries. He only alleges that he continued to be treated for

7

his injuries at the time he filed the complaint, almost three years after the incident. Even if the Court were to assume, for purposes of initial review, that Plaintiff has plausibly stated that he has a serious underlying medical need, this claim is for a delay in treatment. The Court must consider the effect of that delay, not the underlying condition standing alone. *See Bellotto v. County of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) ("When a prisoner alleges a temporary delay ... in the provision of otherwise adequate medical treatment, we focus on the seriousness of the particular risk of harm that resulted from the challenged delay ... rather than the prisoner's underlying medical condition alone."). Plaintiff alleges no facts suggesting that the delay in obtaining treatment exacerbated his injuries or that the treatment he received was not adequate. Thus, he fails to meet the objective component of the deliberate indifference test.

Further, subjectively, Plaintiff fails to allege facts suggesting that Defendants denied medical care to punish him. Instead, he alleges that Defendants did not report the incident until Plaintiff complained to their supervisors. Thus, it appears that Defendants were attempting to avoid a reprimand directed to themselves, not to punish Plaintiff. Further, the facts alleged do not indicate that Defendants were actually aware of the extent of Plaintiff's alleged injuries or that Plaintiff would suffer serious harm if they denied immediate medical attention.

Thus, Plaintiff fails to allege a plausible claim for deliberate indifference to serious medical needs against Defendants and this claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

All Fourth and Fourteenth Amendment claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment deliberate indifference claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As all federal law claims

have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction over a claim if "the district court had dismissed all claims over which it had original jurisdiction....").

If Plaintiff wishes to attempt to replead his Eighth Amendment claim to state a viable claim, he may file an Amended Complaint within thirty days from the date of this order.  An Amended Complaint, if filed, will completely replace the Complaint and the Court will not consider any allegations made in the Complaint in evaluating the Amended Complaint.  The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

**SO ORDERED.**

Hartford, Connecticut
February 27, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge